UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEON KYUN PARK,<br><br>    Petitioner,<br><br>v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>    Respondents. | Case No.: 2:19-cv-01298-APG-BNW<br><br>**ORDER** |

## I.  INTRODUCTION

Keon Kyun Park is incarcerated at Nevada's High Desert State Prison. He filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. He is represented by appointed counsel. Park challenges his convictions and sentences, imposed in Nevada's Eighth Judicial District Court upon guilty pleas, of conspiracy to commit murder, conspiracy to commit kidnapping, first-degree kidnapping with use of a deadly weapon, first-degree murder with use of a deadly weapon, and robbery with use of a deadly weapon. The respondents filed an answer, and Park filed a reply. I will deny Park's petition and deny a certificate of appealability.

## II.  BACKGROUND

Park was charged by indictment on January 19, 2011. Ex. 3, ECF No. 28-3. On May 13, 2014, he entered into a guilty plea agreement, under which he agreed to plead guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to all five charges against him. Ex. 87, ECF No. 32-1 (plea agreement); *see also* Ex. 86, ECF No. 31-25 (amended indictment). In return the State agreed to withdraw its notice of intent to seek the death penalty on the murder charge. *See id*. at 3. Park entered his guilty plea on May 13, 2014, and on August 15, 2014 he was sentenced

to life in prison without possibility of parole for the murder, a consecutive term of 60 to 180 months in prison on the deadly weapon enhancement relative to the murder, and concurrent prison sentences for the other crimes. Ex. 92, ECF No. 32-6 (transcript of sentencing).  The judgment of conviction was filed on August 18, 2014. Ex. 93, ECF No. 33-1.

Park appealed and the Supreme Court of Nevada affirmed the conviction on September 11, 2015. Ex. 106, ECF No. 33-14.

Park filed a pro se post-conviction petition for writ of habeas corpus in the state district court on March 10, 2016. Ex. 109, ECF No. 33-17.  Counsel was appointed and, with counsel, Park twice supplemented his petition. Ex. 119, ECF No. 34-4; Ex. 132, ECF No. 35-1.  The court held an evidentiary hearing on July 16, 2018. Ex. 137, ECF No. 36-5 (transcript).  On August 16, 2018, the court denied Park's petition in a written order. Ex. 139, ECF No. 36-7.  Park appealed, and the Nevada Court of Appeals affirmed on June 11, 2019. Ex. 148, ECF No. 36-16.

This court received a pro se habeas petition from Park initiating this action on July 26, 2019. ECF No. 5.  I appointed counsel for Park and, with counsel, Park filed an amended petition on April 2, 2020. ECF No. 18.  Park's amended petition sets forth the following claims for relief, all of which concern his sentencing:

> Ground 1:  The sentence of life without possibility of parole violates Park's federal constitutional rights to due process of law and to be free from cruel and unusual punishment.
>
> Ground 2:  Park's federal constitutional rights were violated because he received ineffective assistance of trial counsel.
>
> > A.  Trial counsel failed to object when the judge did not articulate reasoning for Park's sentence.
> >
> > B.  Trial counsel failed to object to the prosecutor's assertion that an *Alford* plea meant Park lacked remorse.

   C. Trial counsel failed to use Park's co-defendant's statements at sentencing.

Ground 3: Park's federal constitutional rights were violated because he received ineffective assistance of appellate counsel, because counsel failed on Park's direct appeal to challenge the trial court's failure to articulate reasoning for Park's sentence.

Ground 4: Park's federal constitutional rights were violated as a result of the cumulative effect of the errors alleged in Grounds 1, 2 and 3.

ECF No. 18. The respondents filed an answer on July 16, 2020. ECF No. 25. Park filed a reply on November 9, 2020. ECF No. 39.

## III. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a petition for a writ of habeas corpus on any claim that was adjudicated on its merits in state court unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by precedent of the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. 28 U.S.C. § 2254(d). A state-court ruling is "contrary to" clearly established federal law if it either applies a rule that contradicts governing Supreme Court law or reaches a result that differs from the result the Supreme Court reached on "materially indistinguishable" facts. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam). A state-court ruling is "an unreasonable application" of clearly established federal law under section 2254(d) if it correctly identifies the governing legal rule but unreasonably applies the rule to the facts of the case. *See Williams v. Taylor*, 529 U.S. 362, 407– 08 (2000). To obtain federal habeas relief for such an "unreasonable application," however, a

petitioner must show that the state court's application of Supreme Court precedent was "objectively unreasonable." *Id.* at 409–10; *see also Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003). Or, in other words, habeas relief is warranted, under the "unreasonable application" clause of section 2254(d), only if the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

**B.     Ground 1**

In Ground 1, Park claims that the sentence of life without possibility of parole violates his federal constitutional rights to due process of law and to be free from cruel and unusual punishment. ECF No. 18, pp. 5–11. Park asserted this claim on his direct appeal, and the Supreme Court of Nevada ruled against him:

> Appellant argues that the district court abused its discretion by sentencing him to life without parole, amounting to a cruel and unusual sentence. Appellant contends that a lesser sentence was warranted for many reasons, which mostly stem from his age (19) and immaturity, Korean cultural norms, and a lack of stability in his formative years.
>
> We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Regardless of its severity, a sentence that is within the statutory limits is not "cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221–22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000–01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime).
>
> We conclude that the district court did not abuse its discretion or impose a cruel or unusual sentence. The sentences imposed are within the parameters

provided by the relevant statutes. *See* NRS 193.165, NRS 199.480(1)(a), (b), NRS 200.030, NRS 200.320, NRS 200.380. Appellant does not allege that the statutes are unconstitutional or that the district court relied on impalpable or highly suspect evidence when imposing sentence. Despite the mitigating considerations presented to the district court, the sentence imposed is not grossly disproportionate to the crime: appellant planned and executed a brutal murder for a minor pecuniary gain. And no relief is warranted based on the district court's failure to state its reasons for the sentence imposed. Appellant did not object, so we review for plain error. *See* NRS 178.602 (providing that plain errors or defects affecting substantial rights may be addressed even if not raised below). Appellant has not identified any controlling authority establishing error and we decline his request to adopt a new procedural requirement that a sentencing court must state the reasons for its decision when imposing a life-without-parole sentence. Appellant fails to demonstrate plain error requiring a new sentencing hearing. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (describing plain error review).

Ex. 106, ECF No. 33-14, pp. 2–4. This ruling was not contrary to precedent of the Supreme Court of the United States, and it was not unreasonable.

The Eighth Amendment provides that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend. VIII. "[B]arbaric punishments" and "sentences that are disproportionate to the crime" are cruel and unusual punishments. *Solem v. Helm*, 463 U.S. 277, 284 (1983) (concluding that a habitual offender's sentence of life without possibility of parole for a seventh nonviolent felony is disproportionate). The Eighth Amendment does not, however, mandate strict proportionality between the sentence and the crime. *See Ewing v. California*, 538 U.S. 11, 23 (2003). Rather, "only extreme sentences that are 'grossly disproportionate' to the crime" are forbidden. *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991). "In assessing the compliance of a non-capital sentence with the proportionality principle, [the Court] consider[s] 'objective factors'" such as "the severity of the penalty imposed and the gravity of the offense." *Taylor v. Lewis*, 460 F.3d 1093, 1098 (9th Cir. 2006). "[S]uccessful challenges based on

proportionality are 'exceedingly rare,' and deference is due legislative judgments on such matters." *Id*. (citing *Solem*, 463 U.S. at 289–90).

The facts and circumstances of the murder in this case, as presented to the sentencing court—and not contested in this federal habeas action—reveal that Park and his co-defendant, Min Soon Chang, planned the murder, the murder was especially callous and brutal, and Park and Chang attempted to conceal the victim's body and evidence of the murder. *See* Ex. 89, ECF No. 41-1 (Presentence Investigation Report (filed under seal)).  Park's life-without-parole sentence, while severe, is not grossly disproportionate to the gravity of the offense.

Park argues that the Supreme Court of Nevada's ruling was contrary to, or an unreasonable application of, *Miller v. Alabama*, 567 U.S. 460 (2012). ECF No. 18, pp. pp. 5–11; ECF No. 39, pp. 7–20 (reply).  In *Miller*, the Supreme Court of the United States held unconstitutional a mandatory sentence of life in prison without possibility of parole imposed on a defendant who was under the age of 18 when the crime was committed.  *Miller* is inapposite to this case.  Park was 19 when he committed the murder.  Furthermore, Park's sentence of life in prison without possibility of parole was not mandatory; rather, it was one of a range of possible sentences under the applicable Nevada statute. *See* Nev. Rev. Stat. § 200.030(4).

Park appears to argue that the holding of *Miller* should be extended to preclude a sentence of life in prison without possibility of parole under the circumstances in this case—that is, to a 19-year-old offender who received a life sentence without possibility of parole that was not mandatory under the applicable state statute.  That argument fails under 28 U.S.C. § 2254(d).  The Supreme Court of the United States has not extended *Miller* in that manner.  It was not objectively unreasonable for the Supreme Court of Nevada to conclude that Park's sentence does not contravene the holding in *Miller*.

The Supreme Court of Nevada's ruling on this claim was not contrary to, or an unreasonable application of, *Miller*, or any other Supreme Court precedent, as would provide a basis for habeas relief under § 2254(d). I will deny Park habeas corpus relief on Ground 1.

**C.     Ground 2A**

In Ground 2A, Park claims that his federal constitutional rights were violated because his trial counsel was ineffective for failing to object when the judge did not articulate reasoning for his sentence. ECF No. 18, pp. 12–13.

In *Strickland v. Washington*, the Supreme Court propounded a two-prong test for claims of ineffective assistance of counsel, requiring the petitioner to demonstrate (1) that the attorney's "representation fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  A court considering a claim of ineffective assistance of counsel must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.  The petitioner's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687.  To establish prejudice under *Strickland*, it is not enough for the habeas petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693.  Rather, the errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

Where a state court previously adjudicated the claim of ineffective assistance of counsel under *Strickland*, establishing that the decision was unreasonable is especially difficult. *See Harrington*, 562 U.S. at 104–05. In *Harrington*, the Supreme Court instructed that *Strickland*

and § 2254(d) are each highly deferential, and when the two apply in tandem, review is doubly so. *Id*. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) ("When a federal court reviews a state court's *Strickland* determination under AEDPA, both AEDPA and *Strickland*'s deferential standards apply; hence, the Supreme Court's description of the standard as doubly deferential." (internal quotation marks omitted)). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

Park asserted this claim of ineffective assistance of trial counsel in his state habeas action; the Nevada Court of Appeals affirmed the denial of the claim:

> Park claimed counsel should have objected when the sentencing court failed to articulate its reasons for the overall sentencing decisions. Park failed to demonstrate deficiency or prejudice. There was no basis to object because the sentencing court was not required to state its reasons for imposing a particular sentence, *see Campbell v. Eighth Judicial Dist. Court*, 114 Nev. 410, 414, 957 P.2d 1141, 1143 (1998), and Park failed to demonstrate a reasonable probability of a different sentence had counsel objected. We therefore conclude the district court did not err by denying this claim.
>
> . . . .
>
> Park claimed counsel should have objected when the sentencing court failed to make specific, required findings before announcing the sentences for the deadly weapon enhancements. See NRS 193.165(1), (2); *Mendoza-Lobos v. State*, 125 Nev. 634, 643, 218 P.3d 501, 507 (2009). Park failed to demonstrate by a preponderance of the evidence that counsel was objectively unreasonable for not objecting or that there was a reasonable probability of a different outcome at sentencing had counsel objected. We therefore conclude the district court did not err by denying this claim.

Ex. 148, ECF No. 36-16, pp. 3–4 (footnotes omitted).

Park does not cite any federal authority for his claims that the sentencing judge was required to articulate reasons for his sentence. *See* ECF No. 18, pp. 12–13. Rather, he relies

solely on state law for that proposition, namely, Nev. Rev. Stat. § 193.165 and *Mendoza-Lobos v. State*, 125 Nev. 634, 218 P.3d 501 (2009).  The Nevada Court of Appeals' rulings regarding those issues were rulings on matters of state law. *See* Ex. 148, ECF No. 36-16, p. 2.  Those rulings are, therefore, beyond the scope of this federal habeas action. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Regarding Park's overall sentence, the Nevada Court of Appeal ruled that there was no basis for Park's counsel to object because the sentencing court was not required to state its reasons for imposing the sentence. Ex. 148, ECF No. 36-16, p. 3.  That ruling, on a matter of state law, is determinative of this part of Park's claim.  There was no basis for Park's counsel to object to his overall sentence on the ground that the sentencing court did not articulate its reasons for the sentence; therefore, Park's trial counsel was not ineffective for not making that objection.

Regarding the deadly weapon enhancements, there was apparently a basis in state law (Nev. Rev. Stat. § 193.165 and *Mendoza-Lobos*) for an objection on the ground suggested by Park.  However, Park was sentenced to life in prison without possibility of parole for the murder, while the deadly weapon enhancements were for terms of years (and all but one was made concurrent with the life sentence).  Thus, it was not objectively unreasonable for the Nevada Court of Appeals to rule that there was no reasonable probability that an objection to the sentencing court's failure to state reasons for its sentences on the deadly weapon enhancements would have resulted in a better outcome for Park.  A fair-minded jurist could conclude—as the Nevada Court of Appeals did—that Park's trial counsel acted reasonably in not making that objection, and that, at any rate, Park was not prejudiced.

The Nevada Court of Appeals' ruling on this claim was not contrary to, or an unreasonable application of, *Strickland*, or any other precedent of the Supreme Court of the United States. I will deny Park habeas corpus relief on Ground 2A.

**D.     Ground 2B**

In Ground 2B, Park claims that his federal constitutional rights were violated because his trial counsel was ineffective for failing to object to the prosecutor's assertion that an *Alford* plea meant Park lacked remorse. ECF No. 18, pp. 13–15. The prosecutor's comment, in the concluding paragraph of the State's sentencing memorandum, stated: "Finally, Defendant expresses no remorse. Defendant never once has expressed any remorse during the police investigation or during court hearing dates. Defendant only pled guilty by way of the *Alford* decision, even though the proof against him was great. A killer without a conscience is a danger to society." Ex. 91, ECF No. 32-5, p. 11.

Park asserted this claim in his state habeas action, and the Nevada Court of Appeals denied it.

> Park claimed counsel should have objected to an argument in the State's sentencing memorandum that Park did not show remorse because he pleaded pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). Park failed to demonstrate deficiency or prejudice. Park's claim did not reflect the tenor of the State's argument. The State argued that Park had never expressed remorse and then added that he entered an *Alford* plea. Park failed to demonstrate counsel was objectively unreasonable for not objecting to this argument. Further, the district court found Park expressed remorse at his sentencing hearing, and this finding is supported by substantial evidence in the record. Park had failed to demonstrate a reasonable probability of a different outcome at sentencing had counsel objected. We therefore conclude the district court did not err by denying this claim.

Ex. 148, ECF No. 36-16, p. 3.

Park contends that the Nevada Court of Appeals' ruling includes an unreasonable determination of the facts based on the evidence presented: that "the district court found Park

10

expressed remorse at his sentencing hearing." *Id*.; *see* ECF No. 39 (Reply), p. 22. This argument appears to be based on a misreading of the court's ruling. I read that statement by the court of appeals to refer to a finding of the state district court in Park's state habeas action—not a finding by the sentencing court at the time of Park's sentencing. And, as the court of appeals noted, that finding by the state habeas court was supported by evidence in the record. *See* Ex. 139, ECF No. 36-7, p. 10 (state district court's written order denying Park's habeas petition) ("[W]hen Petitioner was given an opportunity to speak, he apologized for his behavior and mistakes he made, which actually shows that he feels remorseful . . . . [W]hen addressing the sentencing judge he explained that he regrets his actions."); Ex. 92, ECF No. 32-6, pp. 4–5 (transcript of sentencing hearing).

The Nevada Court of Appeals' ruling was not based on an unreasonable determination of the facts as Park contends. Fair-minded jurists could conclude that Park was not prejudiced by his counsel not objecting to the statement in the State's sentencing memorandum about Park entering an *Alford* plea. The sentencing judge was aware of the nature and function of an *Alford* plea, and there is no indication that she construed Park's *Alford* plea as indicating that he did not show remorse. And as the state courts noted, the sentencing court heard Park express remorse at the sentencing hearing. The Nevada Court of Appeals' ruling on this claim was not contrary to, or an unreasonable application of, *Strickland*, or any other Supreme Court of the United States precedent. I will deny Park habeas corpus relief on Ground 2B.

### E. Ground 2C

In Ground 2C, Park claims that his federal constitutional rights were violated because his trial counsel was ineffective for failing to use his co-defendant's statements at the sentencing hearing. ECF No. 18, pp. 15–17. Park contends that his counsel should have used statements

made by his co-defendant, Min Soon Chang, to the police. Park argues that Chang's statements would have supported his position that he acted under the domination of Chang. *See id*.

On the appeal in Park's state habeas action, the Nevada Court of Appeals rejected this claim:

> Park claimed counsel should have provided to the sentencing court statements made by Park's codefendant (Chang) to the police. Park claimed they substantiated Chang's dominion over Park and Park's belief that he could not refuse to go along with Chang's plan. Park failed to demonstrate deficiency or prejudice. Counsel's sentencing memorandum already explained Chang's sway over Park as a matter of their shared Korean culture and included specific examples from their relationship. Neither Chang's single statement suggesting he initiated the conversation about killing the victim, nor his acknowledgment that Park was younger than him, demonstrated his dominion over Park. We therefore conclude the district court did not err by denying this claim.

Ex. 148, ECF No. 36-16, p. 5.

The Nevada Court of Appeals' ruling is reasonable. The information in Chang's statements that Park claims should have been presented to the sentencing court (*see* ECF No. 18, pp. 15-17; *see also* Ex. 132, ECF No. 35-1, pp. 110–59 (statement of Min Soon Chang)) was provided to the sentencing court by other means. Park's counsel submitted a sentencing memorandum (Ex. 90, ECF No. 32-4) that provided extensive information about Park's background, aspects of Korean culture that allegedly made Park susceptible to domination by Chang, Park's relationship with Chang, and the murder. In addition, the Presentence Investigation Report provided to the sentencing court included a detailed account of the murder, including Chang's participation in it. Ex. 89, ECF No. 41-1 (filed under seal).

The Nevada Court of Appeals reasonably determined that Park's counsel did not perform unreasonably in not submitting Chang's statement to the sentencing court or referencing it in his sentencing memorandum. Reasonable jurists could conclude that the sentencing memorandum

submitted by counsel was a clear, efficient, and effective means of presenting the argument that Park acted under the dominance of Chang, and that citing Chang's statement in that memorandum, or separately submitting Chang's statement in its entirety, would have added little, if anything, to Park's argument.  And it was reasonable for the Nevada Court of Appeals to determine that Park was not prejudiced.  Fair-minded jurists could conclude that there is no reasonable probability that the outcome of the sentencing would have been more favorable for Park had his counsel used Chang's statement at sentencing.

The Nevada Court of Appeals' ruling on this claim was not contrary to, or an unreasonable application of, *Strickland*, or any other Supreme Court of the United States precedent.  I will deny Park habeas corpus relief on Ground 2C.

**F.    Ground 3**

In Ground 3, Park claims that his federal constitutional rights were violated because he received ineffective assistance of appellate counsel, because counsel failed on Park's direct appeal to challenge the trial court's failure to articulate reasoning for Park's sentence. ECF No. 18, pp. 17–19.  In this claim, Park focuses on the sentences he received on the deadly weapon enhancements. *See id*.

Park asserted this claim in his state habeas action, and the Nevada Court of Appeals affirmed denial of relief on the claim.

> Park claimed counsel should have argued that the district court erred by failing to state its reasons for imposing the deadly weapon enhancements that it did.  Park failed to demonstrate deficiency or prejudice.  Counsel testified at the evidentiary hearing in this matter that she was aware the sentencing court was obligated to make specific findings and, had trial-level counsel objected, she would have raised the issue on appeal.  Counsel further testified that she was focused on the appellate arguments with the best chance of reversing Park's first-degree-murder sentence: life without the possibility of parole.  Park failed to demonstrate that counsel's strategy was objectively unreasonable.  Even had counsel objected, Park could not demonstrate a reasonable probability of success on appeal, because

> nothing in the record suggested the sentencing court's failure to make the required findings had any bearing on its sentencing decision. *See Mendoza-Lobos*, 125 Nev. at 644, 218 P.3d at 508. We therefore conclude the district court did not err by denying this claim. [Footnote: Park now contends that, had counsel been successful in reversing any part of any sentence (e.g., a deadly weapon enhancement), he would have been entitled to a new sentencing hearing on every part of every count, including the primary murder sentence of life without the possibility of parole. This new argument was not properly raised before the district court below. *See Barnhart v. State*, 122 Nev. 301, 303–04, 130 P.3d 650, 652 (2006). We therefore need not consider it on appeal. *See McNelton v. State*, 115 Nev. 396, 416, 990 P.2d 1263, 1276 (1999). Moreover, Park's argument lacks merit. *See Dolby v. State*, 106 Nev. 63, 67, 787 P.2d 388, 390 (1990) (holding only the unlawful, enhancement sentence—and not the lawful, primary sentence—may be vacated).]

Ex. 148, ECF No. 36-16, pp. 6–7.

The Nevada Court of Appeals' ruling was reasonable. The error alleged here goes only to the sentences on the deadly weapon enhancements, which were for terms of years, and therefore of much less gravity than the sentence of life without possibility of parole. A fair-minded jurist could conclude that Park's appellate counsel acted reasonably in not making this argument, which had very little or no chance of resulting in a lesser sentence for Park. *See* Ex. 137, ECF No. 36-5, pp. 33–36 (Park's appellate counsel's testimony at evidentiary hearing).

Moreover, a fair-minded jurist could conclude that there was no reasonable probability that Park would have prevailed on appeal and would have received a lighter sentence had his appellate counsel made this argument. While there is some possibility that reversal of the sentences on the deadly weapon enhancements would have resulted in a new look at Park's overall sentence, any possibility of that occurring, and of Park receiving an overall sentence of less than life without possibility of parole, was remote at best. Therefore, the Nevada Court of Appeals' ruling on this claim was not contrary to, or an unreasonable application of, *Strickland*,

or any other Supreme Court of the United States precedent. I will deny Park habeas corpus relief on Ground 3.

### G. Ground 4

In Ground 4, Park claims that his federal constitutional rights were violated as a result of the cumulative effect of the errors alleged in Grounds 1, 2 and 3. ECF No. 18, pp. 19–20. There is no error as alleged in Ground 1. Regarding the claims of ineffective assistance of counsel in Grounds 2A, 2B, 2C and 3, there was no unreasonable performance of counsel. But even assuming there was error by counsel, Park does not show prejudice from the alleged errors, whether they are considered separately or cumulatively. Therefore, the cumulative error claim in Ground 4 fails so I will deny Park habeas corpus relief on that ground.

### H. Certificate of Appealability

To issue a certificate of appealability, I must find a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000). Applying this standard, a certificate of appealability is unwarranted, so I will deny Park a certificate of appealability.

## IV. CONCLUSION

I THEREFORE ORDER the Clerk of the Court to substitute Calvin Johnson for Brian E. Williams on the docket for this case as the respondent warden.

I FURTHER ORDER that the respondents' Motion for Leave to File Exhibit Under Seal **(ECF No. 40) is GRANTED**. The document that is the subject of that motion, a Presentence

Investigation Report, has already been filed under seal (ECF No. 41) so no further action is required in that regard.

I FURTHER ORDER that the Amended Petition for Writ of Habeas Corpus **(ECF No. 18) is DENIED**.

I FURTHER ORDER that Petitioner Keon Kyun Park is denied a certificate of appealability.

I FURTHER ORDER the Clerk of the Court to enter judgment accordingly.

Dated: April 8, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE